UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| William Bennett, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Francis M. Roache, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 92-CV-12895-WGY |
| Veda Bennett, et al., <br><br> Plaintiffs <br><br> v. <br><br> City of Boston, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 1:93-cv-10403-WGY |

**MEMORANDUM OF LAW OF BOSTON GLOBE MEDIA PARTNERS, LLC IN SUPPORT OF MOTION TO INTERVENE AND FOR PERMISSION TO PHOTOGRAPH OR SCAN PORTIONS OF CASE FILE AND OBTAIN COPY OF AUDIO RECORDINGS**

Non-party movant Boston Globe Media Partners, LLC (the "Globe") submits this memorandum in support of its motion to intervene for the limited purpose of asking the Court to exercise its supervisory authority over its case files to permit the Globe to either photograph or scan copies of designated portions of the case files in the two captioned actions and obtain copies of two audio recordings in the case file, subject to the Globe's payment of the standard copying fees charged by the District Court's Clerk's Office.

The Globe respectfully submits that the exercise of the Court's discretion is warranted here because, despite the diligent and highly professional efforts of the Clerk's Office, COVID-related staffing shortages have caused delays in obtaining case file records requested in August 2021. Permitting the Globe to photograph or scan the documents (and obtain copies of the two audio

recordings) while paying the standard fees assessed by the District Court is consistent with the public's presumptive right of access to court records and is well within the authority of the Court. *See generally Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files[.]"); *O'Coin's, Inc. v. Treasurer of the County*, 362 Mass. 507, 510, 287 N.E.2d 608, 612 (1972) ("among the inherent powers possessed by every judge is the power to protect his court from impairment resulting from inadequate facilities or a lack of supplies or supporting personnel"); *cf. Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 507 (1st Cir. 1989) ("even a one to two day delay impermissibly burdens the First Amendment").

## I.  PROCEDURAL HISTORY

### A.  The Two Case Files at Issue

The Globe has requested court records from two cases that arose in the aftermath of the murder of Carol DeMaiti Stuart and her unborn child. As this Court previously has explained:

> In October, 1989, Charles Stuart and his wife Carol, who was carrying their unborn child, were reportedly shot in the Mission Hill section of Boston. . . . As a result of witness interrogations and a description of the assailant provided by Charles Stuart, suspicion focused initially on an African-American male named William Bennett. Search warrants issued and searches of Bennett's home, his sister's home and his girlfriend's home were executed. Police conduct in these witness interrogations and the subsequent searches came in for a great deal of criticism. This criticism only increased when the police received information from Charles Stuart's brother that implicated Charles Stuart himself as the murderer, thereby absolving Bennett. Charles Stuart subsequently killed himself by jumping from the Tobin Bridge. The state grand jury investigation into Carol DiMaiti Stuart's murder was later formally closed.

*O'Malley v. Martin*, No. CIV. A. 94-11392-WGY, 1996 WL 208499, at *1 & n.3 (D. Mass. Feb. 29, 1996)

The first case, *Bennett v. Roache*, NO. 92-CV-12895-WGY (the "*William*" case), was a civil rights action brought by William Bennett alleging, in essence, that "he was framed by the three [defendants] for a crime that he didn't commit." *William*, ECF No. 193 at 11-12. On October 27, 1995, the jury returned a defense verdict. *Id.* ECF No. 178. The judgment was affirmed on appeal. *Id.* ECF No. 206.

The plaintiffs in the second case, *Veda Bennett v. City of Boston*, NO. 1:93-cv-10403-WGY (the "*Veda*" case), sought damages for "violations of their constitutional, statutory and common law rights arising out of the unlawful searches of their homes in November, 1989, as part of the Boston Police Department's investigation of the murder of Carol DiMaiti Stuart." *Veda*, ECF No. 90 at 1-2. A Settlement Order of Dismissal was entered in the case on October 30, 1995. *Id.* ECF No. 85.

**B.     The Globe's Requests for Records from the Case Files**

As part of her news reporting on local law enforcement cases, Globe reporter Evan Allen ("Allen") asked the District Court's Clerk's Office to review documents in the case files of the *William* and *Veda* cases. *See* Declaration of Evan Allen ("Allen Dec.") ¶¶ 3-4 (filed herewith). Allen was advised that because of the ages of the cases, the files were stored at the National Archives in Waltham, Massachusetts. At her request, the District Court's Clerk's Office retrieved the documents from the Archives and allowed Allen to inspect them in the Courthouse and to identify the documents that she requested be copied. *Id.* at ¶¶ 4-5.

Some of the documents Allen requested corresponded to documents listed on the Court's Case Management/Electronic Case Files docket ("ECF"). The case files she reviewed also contained other documents that did not appear to have a corresponding ECF docket number, including paper records and two audio recordings. When requesting copies of documents that did not have a corresponding ECF docket number, Allen placed a yellow post-it note on the case document. *Id.* at ¶ 6.

As a result of the work of the professional staff in the Clerk's Office, in August 2021, Allen received copies of dozens of the case file documents she requested. In late August 2021, however, Allen was advised by a member of the District Court Customer Service staff that a supervisor was

reviewing her remaining requests for additional paper records and copies of the two audio recordings referred to above. *Id.* at ¶ 7-8.

Since being advised in late August that the remaining requests were being reviewed, no additional documents have been made available to Allen. The Globe has been advised that the delay in producing these documents is due to understaffing caused by the COVID pandemic. *Id.* at ¶¶ 9-10 and Exhibits A and B thereto.

The documents that are the subject of Allen's remaining requests are listed below. *See also* Allen Dec. ¶ 11. To the best of Allen's knowledge (and based on a review of the dockets) none of the documents are the subject of impoundment orders. By this motion, the Globe requests that Allen be permitted either to (i) either photograph the requested court records (using Allen's phone's camera) or scan the documents using a portable PDF scanner; and (ii) obtain copies of the two audio recordings at issue, provided that the Globe pays the standard copy charges assessed by the Clerk's Office.

**Documents Requested from the *Veda* Case File**

a. ECF No. 3: "Answer to Complaint by Francis M. Roache in 1:93-cv-10403 FILED c.s. (fmr) (Entered: 04/01/1993)";

b. ECF No. 84: "Supplement to Pretrial memorandum by Peter J. O'Malley in 1:93-cv-10403, Edward J. McNelly in 1:93-cv-10403, Miller Thomas Jr. in 1:93-cv-10403, Trent W. Holland in 1:93-cv-10403, filed. (efs) (Entered: 10/30/1995)";

c. ECF No. 87: "Supplement to Pretrial memorandum by William Dunn in 1:93-cv-10403, filed. (efs) (Entered: 10/31/1995)";

**Documents Requested from the *William* Case File**

  d.  ECF No. 180: "Motion by William Bennett in 1:92-cv-12895 For relief from judgment, filed. (dms) (Entered: 11/08/1995)";

  e.  ECF No. 178 – "Jury verdict for Miller Thomas in 1:92-cv-12895, Trent Holland in 1:92-cv-12895, Edward McNelley in 1:92-cv-12895. (efs) (Entered: 10/27/1995)";

  f.  ECF No. 203: "Transcript of proceedings for held on proceeding date: 10/27/95 before Judge: Young. Court Reporter: Womack (dms) (Entered: 02/10/1997) (date verdict returned)"[1];

**Documents Reviewed by Allen and Marked with Yellow Post-It Notes:**

  g.  Application for search warrant for 340 Warren St. Roxbury;

  h.  Affidavit in support of application for search warrant - signed by Peter J. O'Malley;

  i.  Exhibit A and Exhibit B;

  j.  Two Tape Recordings located in the court file; and

  k.  Plaintiff's Exhibit av (located in Veda Case and found in a folder labelled Untitled 97-0095 BOX 49 B65609.  The document appears to be a memo to Attorney Regina Quinlan from Det. Peter J. O'Malley.).

**II. REASONS FOR THE REQUEST**

  The Globe's motion is not based upon any dispute concerning the public's right of access to court records.[2]  Nor is this a dispute between the Globe and the extremely professional and

---

[1] Allen also requested Document #157, a "Clerk's Notes" entry concerning the Court's ruling on defendants' motion for a directed verdict.  Assuming that, as is customary, there is no document underlying the Clerk's Note, the request is withdrawn.

[2] *See generally Federal Trade Commission v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("'only the most compelling reasons can justify the non-disclosure of judicial records'" (citation omitted); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002) (recognizing "presumption that the public has a common-law right of access to judicial documents"); *Poliquin*

cooperative staff of the District Court's Clerk's Office. The Clerk's Office has responded to the Globe's requests by providing copies of court records as best as can reasonably be expected given the extraordinary challenges the Office faces due to pandemic-related staffing shortages.

The motion also is not a challenge to the District Court's standing practice of prohibiting members of the public and the press from photographing or scanning court records. Nor is it an effort to avoid paying the copy fees charged to all members of the public and press. Rather, recognizing the cause of the delays in providing the remaining documents requested from the *Williams* and *Veda* case files (a historic pandemic that has affected virtually all aspects of our lives), and the important values served by public access to judicial records, the Globe asks the Court to exercise its supervisory and discretionary powers over its files and permit Allen to either (i) photograph the requested court records (using Allen's phone's camera) or scan the documents using a portable PDF scanner and (ii) obtain copies of the two audio recordings requested, provided that the Globe pays the standard copy charges assessed by the Clerk's Office. *See generally O'Coin's*, 362 Mass. at 510, 287 N.E.2d at 612 ("It would be illogical to interpret the Constitution as creating a judicial department with awesome powers over the life, liberty, and property of every citizen while, at the same time, denying to the judges authority to determine the basic needs of their courts as to equipment, facilities and supporting personnel.").

### III. CONCLUSION

For the foregoing reasons, the Globe requests that the Court grant its motion to intervene and permit the Globe either to photograph or scan copies of designated portions of the case files

---

*v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993) (noting "abiding presumption of access to trial records"). Given the subject matter of the *Williams* and *Veda* cases, the interests underlying the public's constitutional right of access to criminal cases also are present here. *Pokaski*, 868 F.2d at 502.

in the two captioned actions and obtain copies of two audio recordings in the case file, subject to the Globe's payment of the standard copying fees charged by the District Court's Clerk's Office.

By its attorneys,

/s/ Jonathan M. Albano
Jonathan M. Albano
BBO #013850
jonathan.albano@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
+1.617.341.7700

Dated: January 26, 2022

## CERTIFICATE OF SERVICE

I, Jonathan M. Albano, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 26, 2022.

/s/ Jonathan M. Albano
Jonathan M. Albano